UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK WALKER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2521** |
| **MARLIN GUSMAN, SHERIFF, ORLEANS PARISH, ET AL.** | **SECTION: "S" (3)** |

**O R D E R**

Plaintiff has filed a "Motion for Extension of Plaintiff's Deadline to File His Witness & Exhibits Lists and Pre-Trial Motions." Rec. Doc. 53. That motion is **DENIED**. The Court has already extended the deadline to April 30, 2013, at plaintiff's request. Rec. Doc. 26. In that the trial in this matter is set for June 10, 2013, any further extensions are impractical, would pose an undue burden on the Court, and would prejudice the defendants.

Plaintiff has also filed a "Motion for Court Intervention and Orders to Non-Defent [sic] Parties (ie LSP, Angola) to Either Give Plaintiff Back His Documents - Or - Order Prison Produce Another Set of Medical & Mental Health Records." Rec. Doc. 54. That motion is **DENIED**. The Court has repeatedly stated that it will not interject itself into the ongoing disputes plaintiff is having with the officials at the Louisiana State Penitentiary ("LSP"). As the Court has previously explained, the LSP officials are not defendants in this action and any dispute he has with them is not a part of this lawsuit. If plaintiff believes that his rights have been violated by such officials, he should file an administrative grievance and, if necessary, a separate lawsuit against the proper individual(s) in an appropriate court. This Court will not micro-manage the LSP legal services

program.

Plaintiff has also filed a "Motion to Compell [sic] Document Production and Other Entitled Evidence." Rec. Doc. 55. Defendants are **ORDERED** to file a response to that motion on or before **April 19, 2013**, at which time the motion will be taken under submission without oral argument.

Plaintiff has also filed a "Motion for Phone Conference/Hearing with Court." Rec. Doc. 56. That motion is **DENIED** in that a conference is not necessary at this time.

Plaintiff has also filed a "Motion for Order to Show Cause." Rec. Doc. 57. That motion is **DENIED**. As noted above, defendants have been ordered to respond to plaintiff's motion to compel.

Plaintiff has also filed a "Motion for Production of Hearing Transcripts in Case 2:12-00859." Rec. Doc. 60. In that motion, he requests that the Court order the Clerk of Court or Court Reporter to produce and provide him at no cost copies of all of the transcripts in that class action. That motion is **DENIED**. If plaintiff so desires, he may request that the attorneys representing him in that matter obtain and forward him copies of the transcripts he is seeking.

Plaintiff has also filed a "Motion to Compell [sic] Defendants Comply with Local Rule 16.3, 16.6." Rec. Doc. 61. That motion is **DENIED**. Defendants have expressed no interest whatsoever in entering into a settlement with plaintiff.

Plaintiff has also filed a "Motion for Sheduling [sic], Issuing Supeanas [sic] and Production of Witness for Pre-Trial Depositions." Rec. Doc. 62. That motion is **DENIED**. If plaintiff is interested in taking depositions and, importantly, has the financial resources to do so, he must make the necessary arrangements in accordance with the applicable Federal Rules of Civil Procedure. Although plaintiff is proceeding as a pauper in this civil action, "he is not entitled to public funding

to defray the costs of the depositions." Doye v. Colvin, No. CV408-174, 2009 WL 764980, at *1 (S.D. Ga. Mar. 23, 2009) (and cases cited therein). As one federal district court has explained:

> An inmate proceeding in forma pauperis in a civil action may not issue subpoenas without paying the required fees. See Pedraza v. Jones, 71 F.3d 194, 196 n.4 (5th Cir. 1995); Hodge v. Prince, 730 F.Supp. 747, 751 (N.D. Tex.1990), aff'd mem. 923 F.2d 853 (5th Cir. 1991). Consequently, plaintiff must still pay fees associated with any depositions of defendants. See Tajeddini v. Gluch, 942 F.Supp. 772, 782 (D. Conn. 1996) ("*In forma pauperis* status does not require the Government to advance funds to pay for deposition expenses."); Fernandez v. Kash N' Karry Food Stores, Inc., 136 F.R.D. 495, 496 (M.D. Fla. 1991) (witness and mileage fees required to be paid by indigent plaintiff). These deposition costs would include not only any fees, but the cost of the court reporter's services as well as the cost for copies of the transcripts. Plaintiff may not expect the Court or defendants to pay for these fees and expenses simply because he is an indigent inmate proceeding *pro se* in this action.

Brown v. Carr, 236 F.R.D. 311, 313 (S.D. Tex. 2006) (footnote omitted).

Plaintiff has also filed motions to amend the complaint. Rec. Docs. 63 and 64. Those motions are **DENIED**. Pursuant to Fed.R.Civ.P. 15(a), plaintiff is no longer entitled to amend his complaint as a matter of course; rather, he may do so only with the opposing parties' written consent or the Court's leave. The opposing parties have not given their written consent to the proposed amendments. Further, justice does not require that the Court allow plaintiff to amend the complaint in the manner proposed at this late stage of the proceeding.

New Orleans, Louisiana, this eleventh day of April, 2013.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**