UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK WALKER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2521** |
| **MARLIN GUSMAN, SHERIFF,** <br> **ORLEANS PARISH, ET AL.** | **SECTION: "S"(3)** |

## ORDER AND REASONS

Plaintiff has filed a motion asking that the Court reopen discovery in this matter and reconsider some of its prior discovery rulings. Rec. Doc. 294. The defendants have opposed that motion. Rec. Doc. 298. Oral argument was held on December 17, 2014. At that argument, the Court took the matter under advisement but instructed counsel to confer and attempt to reach agreement concerning limitations on additional discovery. Counsel have conferred as directed, and a copy of their report to the Court (a copy of which is attached to this opinion) reflects that they have in fact reached agreement with respect to most issues. In light of that fact, and the Court having now fully considered plaintiff's motion, **IT IS ORDERED** that plaintiff's motion is hereby **GRANTED IN PART AND DENIED IN PART** as follows.

The Court finds that it is appropriate to reopen discovery in a limited manner. In his motion, plaintiff acknowledges that "this Court has already addressed discovery issues *ad nauseam*"; however, he argues that his appointment "changes the equities in this case and justifies reopening discovery." He is correct. Although the District Judge previously issued an order stating that discovery was closed,[1] the case is now in a significantly different posture. Since that order was

---

[1] Rec. Doc. 232.

entered, counsel was appointed for plaintiff and leave was granted for the filing of an amended complaint.

In light of the changed circumstances, it is only equitable that at least some additional discovery be allowed.[2] Although plaintiff tried his best to conduct discovery and did so zealously while proceeding *pro se*, his success was limited by the fact that he is an incarcerated person untrained in the law. Now that he has counsel, discovery can be conducted in a more controlled, logical, and efficient manner. That said, it is not appropriate to return to "square one" on discovery. As the defendants note in their opposition to the instant motion, plaintiff submitted more than 64 discovery requests prior to the appointment of counsel. Further, the defendants have already produced voluminous information, including: plaintiff's discipline records; medical records; both electronic and handwritten grievance records; booking and intake records; location and housing records; telephone call logs; both previous and current relevant policy and procedure excerpts; Special Operations Division investigative reports regarding plaintiff's claim of sexual assault; a copy of the video interview of plaintiff by the Special Operations Division; contact information for Securus Technologies, Inc., the servicing technician for the Orleans Parish Prison system; and the name of the custodian of the jail systems phone records. Obviously, the defendants should not now

---

[2] Moreover, such reopening of discovery conforms to the wishes and expectations of the presiding District Judge. The undersigned has checked with her chambers and was advised that she expected that additional discovery would be allowed. It must also be noted that a scheduling order was recently issued on her behalf which sets a new discovery deadline of April 20, 2015. Rec. Doc. 303. Further, denying additional discovery would be unfair and counterproductive in light of the appointment of counsel. Indeed, it strikes the undersigned as inconsistent to appoint counsel and then deny him the tools (such as relevant discovery) necessary for him to adequately represent his client.

be required to retread the same ground, and the reopening of discovery will therefore be limited as set forth later in this opinion.

Plaintiff also requests that the Court reconsider its prior discovery rulings in Rec. Docs. 153 (which denied in part a motion to compel various discovery responses) and 208 (which denied a motion to compel an unredacted copy of a 2008 report by the National Institute of Corrections). The defendants counter that, in determining whether reconsideration is appropriate, the Court should apply the factors considered with respect to Rule 59(e) motions.  If those factors are applied, plaintiff would be required to show:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
> (2) the movant presents newly discovered or previously unavailable evidence;
> (3) the motion is necessary in order to prevent manifest injustice; or
> (4) the motion is justified by an intervening change in controlling law.

Southern Snow Mfg. Co, Inc. v. SnoWizard Holdings, Inc., 921 F. Supp. 2d 548, 565 (E.D. La. 2013).  The defendants opine that plaintiff has not shown that any of those factors exist in the instant case, and this Court would agree on that limited point.

Nevertheless, the Court finds that it is not in fact limited to assessing the motion based solely on the foregoing factors.  Although some courts have rather strictly applied the Rule 59(e) factors to motions for reconsideration, it appears that those factors should be considered only as guidelines, not as an exhaustive and exclusive list of factors which may be considered with respect to a motion to reconsider an *interlocutory order* such as the one at issue here.  As Judge Hicks in the Western District of Louisiana has explained:

> Rule 54(b) is the proper procedural vehicle to request that a district court reconsider an interlocutory order.  See Brown v. Wichita County, Tex., No. 05-108, 2011 WL

> 1562567, *2 (N.D. Tex. April 26, 2011). While the exact standard for deciding a Rule 54(b) motion to reconsider is unclear, "whether to grant such a motion rests within the discretion of the court." Id. Moreover, "the district court's discretion in this respect is broad." Id.
>
> A Rule 54(b) motion to reconsider "requires the court to determine whether reconsideration is necessary under the relevant circumstances." Id. While the legal standard for evaluating a motion to reconsider under Rule 54(b) appears to be less exacting than that imposed by Rules 59 and 60, "considerations similar to those under Rules 59 and 60 inform the Court's analysis." Id. Such considerations include whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification. See Valles v. Frazier, No. 08-501, 2009 WL 4639679, *2 (W.D. Tex. Nov. 30, 2009). Yet, because the district court is faced on with an interlocutory order, it is free to reconsider its ruling "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." Brown, 2011 WL 1562567, *2, citing Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n.14 (5th Cir.1994) (en banc).

Nierman v. Ohio Casualty Insurance Co., Civ. Action No. 10-0319, 2012 WL 1039683, at *3 (W.D. La. Mar. 18, 2012). In light of the changed circumstances, particularly the appointment of counsel, the Court finds that narrow reconsideration of its prior rulings is appropriate in the instant case.

Accordingly,

**IT IS ORDERED** that additional discovery will be permitted, but all discovery must be completed no later than **April 20, 2015**, as set forth in the recent scheduling order issued on behalf of the District Judge. **With respect to the limitations on discovery, all discovery on which the parties have already agreed as noted in the attached correspondence shall be allowed. As to the areas of disagreement, the Court rules as follows:**

**Depositions.** Plaintiff is allowed to depose Sheriff Gusman, Deputy Lacking, and Deputy Lumar. However, the request for a Rule 30(b)(6) deposition "regarding Orleans Parish Prison's

-4-

position on Walker's claims" is, as the defendants note, too overbroad. That deposition will not be allowed as currently requested; however, plaintiff may reformulate his request in a more narrow fashion if he so desires.

**SOD Investigatory Reports concerning sexual assaults, physical assaults, and uses of force.** The Court finds that even if limited to the years 2009-2012, this request is overbroad and unduly burdensome. However, plaintiff may reformulate and reurge a more limited request, and he may file a motion to compel if that new request is refused.

**Communications between OPP and DOJ.** The communications are to be produced; however, the defendants may make appropriate redactions based on privilege so long as they submit a privilege log detailing those redactions. If the circumstances so warrant, plaintiff may then file an appropriate motion challenging the asserted privilege(s).

**IT IS FURTHER ORDERED** that the Court grants reconsideration of its prior discovery rulings in the disputed respects as follows:

**Discovery Item #14.** Within thirty days, the defendants shall produce the employment records of Curtis Lumar, Krystal Lacking, Dr. Higgins, and Nurse Oates.

**NIC Report.** Within thirty days, the defendants shall produce an unredacted copy of the 2008 report.

New Orleans, Louisiana, this twenty-first day of January, 2015.

                                       **DANIEL E. KNOWLES, III**
                                       **UNITED STATES MAGISTRATE JUDGE**

# USRY, WEEKS & MATTHEWS
### A PROFESSIONAL LAW CORPORATION
1615 POYDRAS STREET, SUITE 1250
NEW ORLEANS, LOUISIANA 70112

TELEPHONE: (504) 592-4600
FACSIMILE: (504) 592-4641
LA WATS: (800) 523-8793

T. ALLEN USRY
FREEMAN R. MATTHEWS
FRED SCHROEDER
CRAIG E. FROSCH
TIMOTHY R. RICHARDSON
BLAKE J. ARCURI
DERRICK EDWARDS
CHARLIN S. FISHER
RONALD S. BRYANT

JOHN F. WEEKS II
(1948-2014)

January 6, 2015

United States Magistrate Judge
Daniel E. Knowles, III
United States District Court
Eastern District of Louisiana
500 Poydras Street, Suite B335,
New Orleans, Louisiana 70130

      Re:    Walker v Gusman, et al
              USDC NO. 12-2521
              UWM NO. 12-394

Dear Judge Knowles, III:

On December 17, 2014, a brief contradictory hearing was conducted in the above captioned matter on plaintiff's Motion to Reconsider Prior Discovery Rulings and to Reopen Discovery. At that hearing, in response to the defendants' request for a limitation on the scope of the re-opened discovery, the Court instructed the parties to confer on the issue and to attempt to find mutual limitations on that discovery. Any remaining disagreements were to be decided by the Court in it's ruling on plaintiff's Motion. Pursuant to that Order, please find the parties' agreements and positions on the additional requested discovery below.

**PARTIES' AGREEMENTS AND POSITIONS**

Subsequent to the December 17, 2014 hearing on plaintiff's Motion, the parties conferred extensively on December 29, 2014, to reach a mutual agreement concerning limitations on the scope

of the additional discovery. The plaintiff has made multiple and specific requests in his Motion, and specifically reserves the right to seek more. Defendants assert that given the amount and nature of the discovery previously provided, as well as the further discovery voluntarily agreed to below, that any additional discovery would be cumulative, excessive, and unduly burdensome.

Defendants agreed to provide certain items and information, and the plaintiff agreed to limit and strike certain requests, as detailed below. While the parties were able to agree on the provisions and limitations of most of the discovery requests, there were a few items on which the parties respectfully disagree, which are also detailed below. For clarity and the convenience of the parities and the Court, the agreements and limitations are structured as the plaintiff originally listed them in his Motion.

**1) Depositions of key individuals and the Defendants.**

The parties were not able to entirely agree on the defendants to be deposed. Plaintiff seeks to take the depositions of Sheriff Gusman, Major Laughlin, Deputy Talley, Doctor Higgins, Deputy Bowser, Doctor Gore, Deputy Lacking and Deputy Lumar.

Defendants have agreed to the depositions of Deputies Talley and Bowser, as well as Dr. Higgins.

The plaintiff also desires to take the depositions of Sheriff Gusman, Deputy Lumar, and Deputy Lacking. Defendants, in lieu of a deposition, have offered to provide an affidavit by Deputy Lacking attesting to her knowledge, or lack thereof, of the events surrounding plaintiff's alleged sexual assault. The plaintiff feels that this would be insufficient and wants to depose Deputy Lacking. The plaintiff also feels that Sheriff Gusman's deposition is necessary, while defendants disagree given his lack of personal involvement. Finally, the plaintiff contends that the deposition of Deputy Lumar, who allegedly assaulted Walker on December 24, 2011, is also necessary.

The plaintiff has agreed that depositions of Major Laughlin and Dr. Gore, and Deputy Lumar aren't necessary, subject to the depositions of Dr. Higgins and Deputies Talley and Bowser occurring as planned.

Two dates, March 20 and 23, and been reserved for the agreed on depositions, with the potential for an additional date should it prove necessary.

### 2) Rule 30(b)(6) depositions of OPP

Defendants have agreed that plaintiff will be able depose Sgt. Tyler concerning OPP video recording and surveillance storage and retention policies and practices.

Plaintiff also seeks to take the deposition of a 30(b)(6) representative regarding Orleans Parish Prison's position on Walker's claims. Defendants, however cannot agree that such a deposition, for purpose stated, would be productive, and, more importantly, that given such overbroad and ill-defined parameters could easily encompass privileged and irrelevant information.

### 3) The identity of all officers on the intake tier on October 18 to 19, 2011, when Walker was sexually assaulted by an unknown inmate.

Both parties agree that the dates plaintiff originally sought may be inaccurate, and defendants agree to provide a list of deputies on duty on HOD Tier 3, for Oct 17-18, 2011.

### 4) The identity of all inmates on the intake tier on October 18 or 19, 2011.

Both parties agree that the dates plaintiff originally sought were may be inaccurate, and defendants agree to provide a list of inmates on HOD Tier 3, for Oct 17-18, 2011.

### 5) Video recordings at the intake tier on October 18 or 19, 2011

Defendants assert that no video recordings of the interior of any OPP are made or kept, and as a result there is nothing to produce. Plaintiff acknowledges that there may be nothing to produce and agrees to strike this request subject to confirming the same in the 30b6 deposition agreed to

above.

**6) Video recordings of the Tents, where Defendant Talley conducted the interview into Walker's sexual assault, on November 21, 2011**

Defendants assert that no video recordings of the interior of any OPP are made or kept, and as a result there is nothing to produce. Plaintiff acknowledges that there may be nothing to produce and agrees to strike this request subject to confirming the same in the 30b6 deposition agreed to above.

**7) Video recordings of the Tents, where Walker was physically assaulted by Defendant Lumar, on December 24, 2011**

Defendants assert that no video recordings of the interior of any OPP are made or kept, and as a result there is nothing to produce. Plaintiff acknowledges that there may be nothing to produce and agrees to strike this request subject to confirming the same in the 30b6 deposition agreed to above.

**8) The identity of all officers in the Tents on December 24, 2011**

Both parties agree to limit this request to Tents P3 and P5 for the date specified, and defendants have agreed to provide that information.

**9) The identity of all inmates in the Tents on December 24, 2011**

Both parties agree to limit this request to Tents P3 and P5 for the date specified, and defendants have agreed to provide that information.

**10) The identity of all officers and inmates in the housing location where Walker was housed in February 2012, when Walker was physically assaulted by other inmates**

Both parties agree that this request is overbroad and vague, and to allow plaintiff to propose a much more specific and limited version of this request at a later date, subject to and reserving

defendants' rights to object to any such modified request if and when propounded.

**11) Other investigatory reports by SOD of sexual and physical assaults by inmates at OPP, particularly sexual assaults on the intake tier or in similar situations**

**12) Other investigatory reports by SOD or other OPP entity regarding uses of force by officers at OPP**

Both parties agree that items 11 and 12 are vague and overbroad. As a result, both parties agree that such requests, at a minimum should be limited to 2009-2012, and to the facilities where plaintiff was housed for each allegation.

The parties do not agree that even with such limitation, whether either of these requests are still too overbroad, irrelevant, burdensome or prejudicial.

**13) Communications between OPP and DOJ regarding the 2009 and 2012 Findings Letters, which will demonstrate Gusman's and the other Defendants knowledge of the unconstitutional conditions of confinement at OPP**

The parties could not agree on how much or whether anything contained within the letters was relevant, discoverable, and/or subject to privilege.

**14) Phone recordings between Walker and the public defender's office in November 2011, which will confirm that Walker's assertions have not been recently fabricated**

Defendants agree to provide said phone recordings, subject to the limitations on the month and parties involved to plaintiff, while reserving objections to their introduction and use at trial.

**15) Videos shown to inmates upon intake regarding the inmates' rights to report and have investigated sexual and physical assaults perpetrated on them**

Defendants agree to attempt to obtain and review the video, and subject to verification of it's contents, provide it to the plaintiff while reserving objections to its introduction and use at trial.

**16) Discovery Items #4, 5, 6, and 7, 14, 15, 27, and 28**

Both parties agree that items 4, 5, 6, 7, 15, 27, and 28 are mooted and should be stricken as redundant given the agreements outlined above.

Both parties disagree as to item 14. This discovery item requests "discipline records any staff member who worked at any area of OPP where Walker was housed."

Defendants feel such a request is too broad and generalized, seeks irrelevant information, and be burdensome to produce. Additionally, and crucially, defendants maintain that reconsideration is inappropriate given the rulings by the magistrate and district judges, and the applicable manifest error standard.

. Plaintiff contends that discipline records for the individual Defendant officers, who Walker alleges deliberately disregarded their duties to keep Walker safe during his incarceration, are directly relevant to Walker's claims. Plaintiff contends that appointment of counsel warrants reopening discovery into individual Defendant's employment records, and that such discoverable information will lead to admissible evidence relevant to Walker's claims.

**17) Un-redacted 2008 NIC Report**

Defendants maintain their objections regarding relevance and security issues, and maintain that reconsideration is inappropriate considering the manifest error standard that applies to the previous rulings by the magistrate and district judges.

The plaintiff maintains that Defendants' concerns have been relieved by appointment of counsel, and that the Court should now revisit its prior rulings.

**18) Other**

Defendants also agree to provide a location abbreviation key to plaintiff for use in interpreting plaintiff's location history report.


## **RESERVATIONS**

With respect to plaintiff's Motion, defendants reaver that they have provided the plaintiff with ample and extensive discovery and would be burdened and prejudiced should they be Ordered to engage in additional discovery, beyond what has already occurred, and in addition to what they have voluntarily agreed to above. The plaintiff, maintains that the discovery provided was insufficient and that he would be disadvantaged at trial if he were not allowed to conduct further discovery with the assistance of appointed counsel. Both parties reaver their arguments made in their briefings on the plaintiff's Motion to Reopen Discovery.

Both parties appreciate the latitude and opportunity this Court has given them in attempting to resolve this dispute amicably.

With kind regards, I remain

Very truly yours,

Charlin S. Fisher

cc: Andrew J. Graeve *via email*
Barrasso, Usdin, Kupperman, Freeman & Sarver, LLC
LL&E Tower
909 Poydras St.
Suite 2400
New Orleans, LA 70112
agraeve@barrassousdin.com
504-589-9734