UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARK WALKER**                                                                                          **CIVIL ACTION**

**VERSUS**                                                                                                    **NO. 12-2521**

**MARLIN GUSMAN, SHERIFF,**                                                               **SECTION: "S"(3)**
**ORLEANS PARISH, ET AL.**

## ORDER AND REASONS

On January 21, 2015, this Court granted plaintiff's motion to reopen discovery.  Rec. Doc. 306.  Prior to the entry of that order, the parties conferred and attempted to reach agreement concerning limitations on additional discovery.  One of the areas which remained in dispute was whether plaintiff would be allowed to depose Sheriff Gusman.  According to Gusman's counsel, that dispute was as follows: "The plaintiff … feels that Sheriff Gusman's deposition is necessary, while defendants disagree given his lack of personal involvement."  Rec. Doc. 306, p. 7.  **The Court ordered that plaintiff be allowed to depose Gusman.**  Rec. Doc. 306, p. 4.

Gusman has now filed a "Motion to Quash Subpoena and for Protective Order," arguing that the deposition should not be allowed.  Rec. Doc. 363.  Meanwhile, not surprisingly, plaintiff opposed that motion, Rec. Doc. 371; additionally, he filed his own motion to compel the deposition, Rec. Doc. 365, which Gusman opposed, Rec. Doc. 368.  Finding that oral argument is unnecessary, the Court hereby denies Gusman's motion and grants plaintiff's motion for the following reasons.

In connection with his motion, plaintiff has submitted documentation showing that he has worked diligently to schedule Gusman's deposition.  Although defense counsel was initially cooperative in selecting dates for the deposition, Gusman has now decided that he does not wish

to be deposed *at all*.  Specifically, he argues that he is "a high-ranking government official" who should "not be taken away from his governmental duties" by being required to appear for a deposition.

In his motion, Gusman states that "it can only be assumed that the subpoena to take the Sheriff's deposition is being used to harass the Sheriff and subject him to undue burden" and that he should therefore be protected from the "annoyance, embarrassment, oppression, or undue burden or expense" of the deposition.  On the contrary, that is not the "only" assumption that can be drawn here; in fact, it is not even the most logical one.  Moreover, it is evident that the deposition at issue is routine in nature and, as such, cannot reasonably be expected to cause Gusman annoyance, embarrassment, oppression, or undue burden or expense.

The Court again finds that it is appropriate to allow plaintiff to depose Gusman.  Even if Gusman could legitimately be considered "a high-ranking government official" as that term is used in the jurisprudence cited by defense counsel in their memorandum,[1] plaintiff should nevertheless be allowed to take the deposition.  In this lawsuit, plaintiff alleges that Gusman was personally on notice of the purportedly unconstitutional conditions, customs, polices, practices, and procedures within the Orleans Parish Prison system.  Plaintiff further alleges that, despite his role as "keeper" of the jail,[2] Gusman nonetheless acted with deliberate indifference by failing to take reasonable measures to address the constitutional violations, thereby causing plaintiff harm.  That, obviously, is cognizable federal civil rights claim, and plaintiff should be allowed an opportunity to depose

---

[1] The Court notes that not one of the cases cited in that memorandum concerned the deposition of a *local sheriff*. Rather, they dealt with such individuals as: a former President of the United States, Jones v. Hirschfeld, 219 F.R.D. 71 (S.D.N.Y. 2003); the Commissioner of the United States Food and Drug Administration, In re United States, 985 F.2d 510 (11th Cir. 1993); high-level officials of the United States Department of Labor, Martin v. Valley National Bank of Arizona, 140 F.R.D. 291 (S.D.N.Y. 1991); high-ranking military officers, Williams v. McCausland, Nos. 90 Civ. 7563 & 91 Civ. 7281, 1994 WL 62937 (S.D.N.Y. Feb. 22, 1994); and the Inspector General of the Railroad Retirement Board, In re Office of the Inspector General, R.R. Retirement Board, 933 F.2d 276 (5th Cir. 1991).

[2] "Each sheriff shall be keeper of the public jail of his parish ...."  La. Rev. Stat. Ann. § 15:704; see also La. Rev. Stat. Ann. §§ 13:5539(C).

Gusman under oath concerning what he in fact knew and what actions he took or failed to take in light of that knowledge.

In reaching this conclusion, the Court notes that it does not doubt that Gusman is a busy official. However, it must be remembered that plaintiff has been attempting to take this deposition at Gusman's convenience for over *nine months*. It beggars belief for Gusman to suggest that his schedule is so hectic that he has been unable to fit in a deposition over such an extended period of time. If he must now rearrange his schedule in order to accommodate the deposition in December as requested, that is simply an unfortunate consequence of his choice not to avail himself of the opportunity to schedule the deposition at a more convenient time earlier this year.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Gusman's "Motion to Quash Subpoena and for Protective Order," Rec. Doc. 363, is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel Gusman's deposition, Rec. Doc. 365, is **GRANTED** and that defense counsel provide a date-certain for that deposition in December of 2015.

New Orleans, Louisiana, this twenty-third day of November, 2015.

                                              **DANIEL E. KNOWLES, III**
                                              **UNITED STATES MAGISTRATE JUDGE**